IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00808-GPG

**TERRANCE McMANIS**, No. 152307,

    Applicant,

v.

**CASE MANAGER, Crowley Correction Office**,

    Respondent.

## ORDER OF DISMISSAL

Applicant Terrance McManis, acting *pro se*, initiated this action on April 16, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. In his Application, Mr. McManis is complaining that, because of his conviction in Idaho in 2006 of Indecent Exposure, he is required under Colorado law to register as a sex offender under C.R.S. § 16–22–108. On June 15, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. McManis to show cause why the habeas corpus application should not be denied and the instant action dismissed because he failed to assert a basis for granting habeas corpus relief. Subsequently, on July 15, 2015, Applicant filed a pleading titled, "Motion to Correct an Illegal Sentence," ECF No. 10. In the Motion to Correct, Applicant makes the same claim, *i.e.*, that his indecent exposure conviction should not be construed as the basis for requiring him to register as a convicted sex offender. For the reasons stated below, the Court dismisses the case for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 2241, the writ of habeas corpus shall not be granted unless a person is "in custody in violation of the Constitution or laws of Treaties of the

United States." An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is in custody. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The custody requirement extends beyond physical custody to encompass **severe restraints** on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is in custody because he is obligated to appear at times and places ordered by the court) (emphasis added); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was in custody under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992). Once the sentence imposed for a conviction has expired, however, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Applicant admits that he has completed his sentence in Idaho Case No. CR. 2006-0019202-N (ECF No. 1, p.5). The United States Court of Appeals for the Tenth Circuit has determined that an individual subject to Colorado's sex offender registration

statute, but whose conviction and sentence have expired, cannot challenge the registration requirements in a habeas corpus proceeding.  *See Calhoun v. Attorney General of Colorado*, 745 F.3d 1070 (10th Cir.) (holding that the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement), *cert denied*, 135 S.Ct. 376 (2014).  In this regard, the Court of Appeals reasoned that the Colorado statute does not restrict an individual's ability to travel or move.  Rather, it requires that an individual register initially with the local law enforcement office where the individual resides, register at the most every ninety days, and advise the local law enforcement office of any changes in certain personal information including change of address.  *See* C.R.S. § 16-22-108 (2012).  Thus, the Court concluded that Colorado's sex offender registration requirements are remedial, not punitive, and, therefore, are collateral consequences of Applicant's conviction and have a negligible effect on his physical liberty or movement.  *Calhoun*, 745 F.3d at 1074.

Based on the discussion above, Applicant, has failed to demonstrate that he is in custody as required under 28 U.S.C. § 2241.  Thus, the Court lacks subject matter jurisdiction over this action.  *Accord Calhoun,* 745 F.3d at 1074.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Application is denied and the action is dismissed for lack of subject matter jurisdiction. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

Dated at Denver, Colorado, this __6th__ day of August, 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court